

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL ACTION NO.: 0:23-975-MGL |
| | § | |
| CEDERICK DION DIXON, | § | |
| Defendant. | § | |

---

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO SUPPRESS**

---

## I.    INTRODUCTION

Pending before the Court is Defendant Cederick Dion Dixon's (Dixon) motion to suppress evidence seized during a vehicle search conducted as the result of a routine traffic stop. Having carefully considered the motion, the response, the oral arguments, the record, and the applicable law, it is the judgment of the Court Dixon's motion will be denied.

## II.    FACTUAL AND PROCEDURAL HISTORY

The Court determines the following facts by a preponderance of the evidence. *See United States v. Matlock*, 415 U.S. 164, 177 n.14 (1974) ("[T]he controlling burden of proof at suppression hearings should impose no greater burden than proof by a preponderance of the evidence.").

On the evening of January 15, 2023, Officer Jordan Sellers (Sellers) with the South Carolina Highway Patrol was driving his patrol car in the left, southbound lane of Highway 903 in Lancaster County, South Carolina. At around 9:38 p.m., an SUV—driven by Dixon—passed

Sellers in the right, northbound lane of the highway.  As Sellers looked in the rearview and side mirrors of his patrol car, he noticed Dixon's tag lights were inoperable, rendering his license plate illegible from a distance of fifty feet.  Accordingly, Sellers made a U-turn, caught up with Dixon in the right lane, and initiated a traffic stop.

Dixon pulled over and parked on the far-ride side of the highway, across from a gas station. As Sellers approached the vehicle, Dixon opened the driver's side door, and Sellers saw a baggy of marijuana in the side of the door.  Sellers identified himself and explained to Dixon, "[I] stopped you, you don't have a tag light on your car."  He then requested Dixon's driver's license, registration, and proof of insurance.  Dixon produced a valid registration but admitted his license was suspended.  Sellers confirmed the suspension and thereafter instructed Dixon to pull into the parking lot of the gas station, as their vehicles were in the middle of the road.

Once in the parking lot, Sellers arrested Dixon for driving under suspension.  He placed Dixon in the front seat of his patrol car and proceeded to search the vehicle.  The search revealed an open liquor bottle, a gun, ammunition, and various drugs.

At around 6:00 a.m. the next day, Dixon's wife went to the tow shop to retrieve his vehicle from impoundment.  While it was still dark outside, she photographed the rear of the vehicle.  The photograph shows the alphabetical side of the license plate illuminated by the left tag light but the numerical side of the plate unilluminated by the right tag light.

A grand jury ultimately indicted Dixon for possessing with the intent to distribute a quantity of cocaine base (commonly known as "crack" cocaine), a quantity of cocaine, a quantity of a mixture of substance containing a detectable amount of methamphetamine, and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D); possessing a firearm and ammunition, having previously been convicted of a felony, in violation of 18 U.S.C.

2

§§ 922(g)(1) and 924(a)(8); and using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).

Thereafter, Dixon filed this motion to suppress, and the government responded. The Court held a hearing, at which Sellers and Dixon's wife testified, and then took the matter under advisement. Having been fully briefed on the relevant issues, the Court is now prepared to adjudicate the motion.

### III.     STANDARD OF REVIEW

The Fourth Amendment to the United States Constitution provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.

"Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of [the Fourth Amendment]." *Whren v. United States*, 517 U.S. 806, 809–10 (1996). Therefore, an automobile stop is "subject to the constitutional imperative that it not be 'unreasonable' under the circumstances. As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Id.*

Evidence obtained as the result of an unconstitutional seizure must be suppressed. *See Brendlin v. California*, 551 U.S. 249, 251 (2007) (remanding where the appellate court incorrectly determined the defendant had not been seized during a vehicle stop).

3

## IV.    DISCUSSION AND ANALYSIS

Dixon argues Sellers lacked reasonable suspicion to conduct the traffic stop because "[his] tag light was, in fact, compliant with state law." Dixon's Motion at 4.

In relevant part, S.C. Code Ann. § 56-5-4530 provides "[e]ither a tail lamp or a separate lamp shall be so constructed and placed as to illuminate with a white light the rear registration plate and render it clearly legible from a distance of fifty feet to the rear."

As an initial matter, footage from Sellers's body-worn camera shows Dixon's vehicle was equipped with two tag lights, located on both sides of the trunk release button in the alcove on the underside of the hatch. The government argues both tag lights were inoperable when Sellers initiated the stop. Given Sellers's testimony, which the Court finds credible, and upon extensive review of the footage presented by Dixon in support of his motion, the Court agrees.

Sellers testified there is no doubt in his mind that he was unable to read Dixon's license plate within a distance of fifty feet. Indeed, the Court is able to discern numerous intervals at which the dash camera undoubtedly captured two inoperable tag lights. Footage from Sellers's body-worn camera also corroborates his testimony that neither tag light was operational and that any illumination of Dixon's license plate was due to the headlights, flashing blue lights, and/or take-down lights of his patrol car.

Inasmuch as Dixon relies upon his wife's testimony, the Court notes the photograph Dixon's wife took the morning after his arrest contradicts the footage captured in real-time by Sellers's dash and body-worn cameras.

Even still, if the Court were to assume Sellers initiated the traffic stop after observing Dixon's vehicle in the condition reflected in the photograph, the stop would nevertheless be supported by reasonable suspicion, as the inoperability of his right tag light would have reasonably

rendered his license plate clearly illegible from a distance of fifty feet.  *See United States v. Arias*, 213 Fed. App'x 230, 232 (4th Cir. 2007) ("[I]f an officer makes a traffic stop based on a mistake of fact, the only question is whether his mistake of fact was reasonable."); *Heien v. North Carolina*, 574 U.S. 54, 60–61 (2014) ("To be reasonable is not to be perfect, and so the Fourth Amendment allows for some mistakes on the part of government officials, giving them 'fair leeway for enforcing the law in the community's protection.'  We have recognized that searches and seizures based on mistakes of fact can be reasonable. . . . The limit is that 'the mistakes must be those of reasonable men.'" (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1949))).

Finally, though Dixon failed to argue Sellers unconstitutionally searched the vehicle, the Court will briefly note marijuana was in Sellers's plain view as Dixon opened his door at the outset of the stop.  For this reason alone, the search was constitutional.  *See Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996) ("If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more." (citing *California v. Carney*, 471 U.S. 386, 393 (1985))).

## V.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Dixon's motion to suppress, ECF No. 46, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 4th day of December 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE